IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LATRIVIA E. HARRIS                                                    PLAINTIFF

v.                    Civil No. 06-2022

SEBASTIAN COUNTY JAIL,
SGT. CROUCH, DEPUTY PATE,
and DEPUTY HALSEY                                         DEFENDANTS

## **MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Latrivia E. Harris brings this pro se civil rights action under 42 U.S.C. § 1983, alleging that her constitutional rights were violated while detained in the Sebastian County Detention Center. The defendants have filed a motion to dismiss (Doc. 14) the Sebastian County Jail as a defendant in this action. The plaintiff has not filed a response to this motion.

In their motion, defendants state that the Sebastian County Jail is not a person recognized under 42 U.S.C. § 1983, and thus should be dismissed as a party in this action. (Doc. 14.) In the brief in support, defendants explain that section 1983 authorizes the imposition of liability against "persons" who, acting under color of state law, subjects a citizen to a deprivation of constitutional rights, and that the Sebastian County Jail is a building and not a "person" amenable to suit under section 1983.

We agree. The Sebastian County Jail is not a legal entity subject to suit under section 1983. *See e.g., Powell v. Cook County Jail*, 814 F. Supp. 757 (N.D. Ill. 1993) (jail not subject to suit); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y.1994) ("jail is not an entity that is amenable to suit").

Therefore, I recommend that defendants' motion (Doc. 14) to dismiss the Sebastian County Detention Jail as a defendant be GRANTED and this party be DISMISSED.

Notably, there are several other defendants named in this action, so the plaintiff will be able to pursue her claims against these defendants.

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 28th day of August 2006.

                                  **/s/ Beverly Stites Jones**
                                  _____
                                  HON. BEVERLY STITES JONES
                                  UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)