IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

LATRIVIA EVETTE HARRIS                                                       PLAINTIFF

v.                              Civil No. 06-2022

SGT. CROUCH; DEPUTY
PATE; and DEPUTY HALSEY                                                   DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

The plaintiff filed this civil rights action pursuant to 42 U.S.C. § 1983. She proceeds pro se and in forma pauperis.

On August 3, 2007, the undersigned issued a report and recommendation (Doc. 29) on defendants' summary judgment motion. On August 13, 2007, the copy of the report and recommendation sent to the plaintiff at the McPherson Unit of the Arkansas Department of Correction (ADC) was returned to the court as undeliverable with a notation she had been "paroled."

On August 30, 2007, the report and recommendation was adopted by United States District Judge Jimm Larry Hendren (Doc. 31). The copy of the order mailed to the plaintiff at the ADC was returned to the court as undeliverable with a notation she had been "paroled."

Plaintiff has not provided the court with a change of address. Court staff contacted the Arkansas Department of Community Correction, Office of Probation and Parole, in an effort to obtain an address for the plaintiff. Court staff were advised that plaintiff was released from the ADC but was not on parole. Instead, court staff were informed plaintiff had served her sentence.

-1-

Court staff were advised that the release facility, the McPherson Unit, might possibly have a release address for the plaintiff. In an effort to obtain an address, court staff contacted the McPherson Unit and spoke with the Records Office at the McPherson Unit. The Records Office indicated plaintiff was released on May 10, 2007, and did not have provide the Records Office with a release address. Court staff was advised the mail room at the Unit may have had a forwarding address but that forwarding addresses were only kept for a ninety day period and were then disposed of.

To date, plaintiff has not communicated with the court. When she filed the lawsuit, plaintiff was advised of the rules of the court requiring her to keep the court informed of her current address.

I therefore recommend that this case be dismissed based on the plaintiff's failure to keep the court informed of her address and her failure to prosecute this action.

**The parties have ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 24th day of September 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)